MAZUREK, Respondent, v. SKAAR, Appellant.

*No. 226. Argued September 10, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 691.)

422

For the appellant the cause was argued by *Theodore L. Priebe,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent there was a brief by *Habush, Gillick, Habush, Davis & Murphy,* attorneys, and *Howard A. Davis* of counsel, all of Milwaukee, and oral argument by *Howard A. Davis.*

HANLEY, J. Three issues are raised on this appeal:

1. Is there any evidence to support the jury's finding that the defendant was under orders or reasonably believed he was under orders to continue driving the vehicle regardless of his physical condition?

2. Is a guardsman immune from civil suit under sec. 21.12, Stats., for actions taken on his part which are contrary to his given orders?

3. Is the state of Wisconsin immune under ch. 102, Stats., from liability for damages incurred by a National Guardsman while pursuing his military duties?

*Changing of jury verdict.*

The jury was asked in the special verdict:

"At the time of the accident was Thomas Skaar under orders or did he reasonably believe that he was under orders to drive the vehicle regardless of his physical condition?"

The jury answered the verdict "yes," whereupon, after motions, the judge changed the answer to "no," ruling that:

"[u]nder this set of facts there is no credible evidence which under any reasonable view the jury's verdict can be upheld."

"The proper test to be applied in determining whether a jury's answer should be changed is 'whether there was *any credible evidence* which supported the jury's answer.'" *Leatherman v. Garza* (1968), 39 Wis. 2d 378, 386, 159 N. W. 2d 18.

In order to affirm the judgment, this court must hold that there was no credible evidence to support the jury's finding that Thomas Skaar was under orders or reasonably believed that he was under orders to drive regardless of physical condition. We so hold.

The evidence adduced at trial fails to establish any order that the defendant was ordered to drive "regardless of physical condition." A review of the evidence in fact establishes the contrary—that the defendant was ordered to observe safe-driving practices, such practices requiring the defendant to pull his vehicle over to the side of the road if he were unable to continue driving. Defendant testified that he had been so instructed. Thus, we are required to hold that there is no credible evidence upon which the jury could have found the defendant to

be acting pursuant to orders or in a reasonable belief thereof.

*Immunity of a guardsman.*

In granting the judgment for plaintiff in this case, the trial court ruled that Wisconsin does not provide immunity from suit to its own military forces unless they performed the act in issue pursuant to a lawful military order. We think this ruling was correct.

The liability of Thomas Skaar hinges directly upon this court's interpretation of that portion of sec. 21.12, Stats., which provides:

". . . In any civil or criminal prosecution against any member arising out of his performing military duty, it shall be a defense that he was acting in good faith or pursuant to any lawful military order. . . ."

Since the language of sec. 21.12, Stats., is inconsistent with the language of sec. 21.13 (*i.e.,* sec. 21.13 would require the state to pay a judgment entered against a guardsman who acted in good faith while sec. 21.12 would grant immunity to said guardsman if he acted in good faith) it is necessary for this court to determine the intent of the legislature. *Cf. Heidersdorf v. State* (1958), 5 Wis. 2d 120, 92 N. W. 2d 217.

The legislative history of the 1969 amendment which granted immunity to guardsmen who acted "in good faith or pursuant to any lawful military order" indicates that the purpose of the amendment was to codify the "common-law defenses generally afforded military personnel in the performance of their duties." Laws of 1969, ch. 20, sec. 4. Therefore, we must determine what common-law defenses were generally afforded military personnel in Wisconsin.

A careful study of Wisconsin law shows that this court has never granted a guardsman immunity from the suit of another guardsman for injuries negligently caused in performance of his military duty. While there is

precedent to the contrary, *Bailey v. Van Buskirk* (9th Cir. 1965), 345 Fed. 2d 298, certiorari denied, 383 U. S. 948, 86 Sup. Ct. 1205, 16 L. Ed. 2d 210; *Mattos v. United States* (9th Cir. 1969), 412 Fed. 2d 793, we decline to so follow. Rather, we hold that a guardsman is liable to another guardsman for injuries negligently caused while acting pursuant to his military duties. Since the legislature merely codified common law through its enacting sec. 21.12, Stats., and since we have never held that such a common-law immunity exists in the state of Wisconsin,[1] then sec. 21.12 does not require a result to the contrary. We, therefore, hold that Thomas Skaar was not immune from suit for injuries negligently caused the plaintiff and affirm the trial court's entry of judgment against him.

Since the trial court did find that the defendant, Thomas Skaar, was acting in good faith pursuance of his military duties within the meaning of Wisconsin Stats., sec. 21.13, he is not to be held personally liable for said judgment. Rather, the state through the enactment of sec. 21.13 has agreed to assume said liability.

Sec. 21.13, Stats., provides in part:

". . . if the jury or court finds that the member of the national guard against whom the action is brought acted in good faith the judgment as to damages entered against him shall also be paid by the state."

Within the limits dictated by the statute, the state has agreed to become the insurer of the guardsman while performing military duty.

*Immunity of state under ch. 102.*

The state argues that since it is an employer under sec. 102.04 (1) (a), Stats., and since the national guards-

---

[1] *Druecker v. Salomon* (1867), 21 Wis. 628 (*621), 94 Am. Dec. 571 is not applicable. In *Druecker* we held that the governor was therein immune from civil suit because of his exercise of his discretionary executive authority.

men are employees under sec. 102.07 (9), that no remedy other than workmen's compensation may be had.

". . . the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer . . . ." Sec. 102.03 (2), Stats.

The contention is without merit.

The legislature, through sec. 21.13, Stats., requires the state to pay whatever judgments are entered against a national guardsman who is acting in good faith. To argue that even though the state is statutorily required to pay said judgment, that sec. 102.03 (2) exculpates the state from such liability is not sound. The state is herein wearing two hats, that of employer and that required of it under sec. 21.13. We hold that payment must be made by the state pursuant to sec. 21.13. *Wolff v. Sisters of St. Francis* (1969), 41 Wis. 2d 594, 164 N. W. 2d 501; *Grede Foundries, Inc. v. Price Erecting Co.* (1968), 38 Wis. 2d 502, 157 N. W. 2d 559; *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. 2d 376, 117 N. W. 2d 271.

*By the Court.*—Judgment affirmed.