EDWARD DINTELMAN, Plaintiff-Appellant, *v.* GRANITE CITY STEEL COMPANY, Defendant-Appellee.

Fifth District No. 75-438

Opinion filed January 28, 1976.

Calvo and Guzzardo, of Granite City (Larry A. Calvo, of counsel), for appellant.

Lueders, Robertson & Konzen, of Granite City (Eric Robertson, of counsel), for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff-appellant, Edward Dintelman, filed suit against defendant-appellee under the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*) for damages he sustained when he fell from a scaffold while working on a structure owned by defendant. In plaintiff's amended complaint, he alleged that defendant owned the premises and was in charge of the construction. Defendant filed a motion to dismiss alleging that plaintiff was an employee of defendant and that the suit was barred by section 5 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5) which provides that plaintiff's claim under the Act is the exclusive remedy, providing statutory immunity to the employer from all other common-law and statutory causes of action. Defendant's motion to dismiss was granted with prejudice and plaintiff appeals.

Plaintiff does not dispute that he was an employee of defendant at the time of the accident and was covered by the Workmen's Compensation Act. He contends, however, that the suit is not barred by section 5 because the suit was brought against defendant not as plaintiff's employer but as owner of the premises in charge of the construction.

Our Supreme Court analyzed extensively the history of the relationship between the Structural Work Act and the Workmen's Compensation Act in *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*, 13 Ill.2d 460, 150 N.E.2d 141 (1958), and held that an employer is not liable to his employee under the Structural Work Act. Plaintiff does not dispute the propriety and continuing validity of this decision but alleges that defendant in the instant case must be considered the owner of the premises, separate and distinct from its capacity as plaintiff's employer. Plaintiff bases his argument on the "dual capacity" theory set forth by this court in *Marcus v. Green*, 13 Ill.App.3d 699, 300 N.E.2d 512 (1973), and on proposed policy arguments concerning the continuing viability of the exclusive remedy provision of the Workmen's Compensation Act as it relates to situations such as the present one.

In *Marcus*, the plaintiff, an employee of James C. Green, d/b/a Jim Green Construction Co., was injured while working on a scaffold on real estate owned by James Green and Herman Schroeder, a partnership. The partnership had contracted with Jim Green Construction Co. to build the structure on the property. Plaintiff filed an application for adjustment of claim under the Workmen's Compensation Act against Jim Green Construction Co. and filed suit against James Green and Herman Schroeder, individually and as partners or joint venturers, under the Structural Work Act. Defendant Schroeder answered that he was not in charge of the construction and had no control over it. Green denied all allegations in the complaint and asserted as an affirmative defense that plaintiff's suit against Green, plaintiff's employer, was barred by the exclusive remedy provision of the Workmen's Compensation Act. Defendant Schoeder filed a third-party complaint against James C. Green, d/b/a Jim Green Construction Co., alleging that the third-party defendant was in exclusive control of the construction project and was therefore liable to indemnify Schroeder under the active-passive negligence theory for any amount plaintiff Marcus might recover against Schroeder. Third-party defendant denied each allegation. After trial, the jury found for plaintiff Marcus against defendants James Green and Herman Schroeder and, on the third-party complaint, for Schroeder against James C. Green, d/b/a Jim Green Construction Co. Defendant Green and third-party defendant Green appealed.

■■ The only issue on appeal in *Marcus* relevant here was whether plaintiff's action against James C. Green, partner or joint venturer with Schroeder, was barred by the exclusive remedy provision of the Workmen's Compensation Act. This court, while recognizing and approving the holding in *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*, held that James Green acted in a "dual capacity" as employer (Jim Green Construction Co.) and as owner (James Green and Herman Schroeder, as partners or joint venturers) with separate and distinct duties toward plaintiff Marcus. We then affirmed the judgment under the Structural Work Act against Green and Schoeder, partners, as owner in charge of the construction.

Plaintiff Dintelman urges this court to accept *Marcus* as controlling in the instant case. We do not read that opinion, however, to be such a sweeping repeal of employer immunity, despite what may appear to be broad language in the *Marcus* opinion. In *Marcus*, the plaintiff did not sue his employer, Jim Green Construction Co., but instead sued a distinct legal entity, the partnership. Although James Green was a common party in both organizations, the construction company and the partnership were merely contracting entities and each conducted activities separate and distinct from the other. In addition, without the rationale set forth in *Marcus*, the owner in charge of the construction would have had no liability whatsoever, while the defendant in the instant case, Granite City Steel, was liable to plaintiff under the Workmen's Compensation Act. We do not read the *Marcus* decision to alter the long standing prohibition against dual recovery under the Workmen's Compensation Act and the Structural Work Act against a single entity.

Plaintiff also relies upon *Reed v. Steamship Yaka*, 373 U.S. 410, 10 L.Ed.2d 448, 83 S.Ct. 1349 (1963), as did this court in *Marcus*. Petitioner, a longshoreman, filed a libel *in rem* against a ship, The Yaka, for injuries sustained while loading the ship as an employee of the bareboat charterer, considered the shipowner *pro hac vice*. Defendant corporation contended that, as petitioner's employer, it was immune from suit under the exclusive remedy provision of the Longshoremen's and Harbor Workers' Compensation Act. (33 U.S.C. § 901 *et seq.*) The circuit court of appeals sustained the defendant's position. (307 F.2d 203 (3d Cir. 1962).) The Supreme Court reversed, noting a line of its own cases asserting the superiority of "traditional remedies of the sea," including the shipowner's warranty of seaworthiness, and the lack of action by Congress to change the holdings of those cases by statute. The Court concluded that the "dominant intent of Congress to help longshoremen" overcame "blind adherence to the superficial meaning" of the exclusive remedy provision of the Longshoremen's and Harbor Workers' Com-

pensation Act and sanctioned the remedy. With the exception of *Marcus v. Green*, previously distinguished, Illinois has no line of cases comparable to those discussed by the Supreme Court in *Steamship Yaka*. Instead, the relationship of the Workmen's Compensation Act and the Structural Work Act is clearly set forth in *Gannon*, which found that the clear intent of our legislature was to establish the Workmen's Compensation Act as the sole and exclusive remedy of employees against employers for injuries suffered in the course of employment. We are bound by that decision and its interpretation of the language and intent of the two statutes. We therefore hold that plaintiff's suit against defendant Granite City Steel is a suit by an employee against an employer and is barred by section 5 of the Workmen's Compensation Act. Ill. Rev. Stat. 1973, ch. 48, par. 138.5.

■■ Plaintiff argues that to allow such a result deprives him of a suitable remedy against a defendant such as Granite City Steel in that it allows large corporations, able to perform structural work by using its employees rather than hiring outside contractors, to avoid liability under the Structural Work Act and thereby receive monetary benefit merely because of its size and thwart the purpose and intent of the Act to provide safe working conditions for construction workers. Defendant argues that the opposite result would place an undue burden on companies, too small to afford outside contractors, who use employees covered under the Workmen's Compensation Act to perform occasional structural work. We are not, however, persuaded by the argument that the size of the company, a fortuitous circumstance, was ever intended to affect the statutory scheme here involved. We should note at this point that the legislature has amended the Workmen's Compensation Act by dramatically increasing compensation (P.A. 79-79, effective July 1, 1975) lessening the disparity in possible monetary benefits between the Workmen's Compensation Act and the Structural Work Act. In addition, immunity of an employer from liability to an employee under the Structural Work Act does not relieve the employer from the duties to protect the health and safety of construction workers, including his own employees, contained therein (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*), including the civil and criminal sanctions specified in the first three paragraphs of section 9 (ch. 48, par. 69), or from the penalty provision contained in the Workmen's Compensation Act. P.A. 79-79 effective July 1, 1975 (ch. 48, par. 138.19(m)).

While we believe the policy arguments of both parties here raise interesting questions about the continuing relationship between the Workmen's Compensation Act and the Structural Work Act, we are bound by the language of the statutes and the interpretation of their relationship

stated in *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* in the absence of further direction from the legislature or our Supreme Court.

The order of the Circuit Court of Madison County is affirmed.

Affirmed.

EBERSPACHER and JONES, JJ., concur.