CORNELL WALKER, Plaintiff-Appellant, *v*. BERKSHIRE FOODS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 60641, 60951 cons.

Opinion filed August 19, 1976.

John A. Doyle, Ltd., of Chicago (William J. Harte, Ltd., of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, of counsel), for appellees.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Cornell Walker, brought an action at law against Berkshire Foods, Inc. (Berkshire), his employer, and against Reel Stone & Brick Company, Hanna Builders & Realty Co., Inc., Nick Hanna, individually and d/b/a Hanna Builders & Realty or Hanna Builders & Realty Co., Inc. (codefendants), for injuries sustained as a result of alleged violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*) and common law negligence. Berkshire moved to dismiss the complaint as to itself on the ground that the action was barred by section 5(a) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5). The trial court granted the motion as to Berkshire only, and further

found no just reason to delay enforcement or appeal of the order. Plaintiff appeals.

Plaintiff's sole contention on appeal is that section 5(a) of the Workmen's Compensation Act does not preclude an action under the Structural Work Act by an employee against his employer when the employer is also operating in the dual capacity of owner of the property where the structural work activities are being performed. We affirm. The pertinent facts follow.

Berkshire owned a multistory building at 4600 South Packers Street in Chicago where it operated a meat packing business. In addition, Berkshire leased out portions of the building to commercial tenants. For nine years prior to his accident plaintiff had been employed by Berkshire as a general maintenance man. On March 5, 1973, plaintiff was assigned to wash windows on the exterior of the building. There was a loading dock on the east side which was covered by a canopy constructed of steel frame and corrugated asbestos. Using the top of the canopy as a platform, plaintiff began washing windows, working his way down the length of the canopy. In the course of his work the corrugated asbestos gave way, and he fell through the canopy to the loading dock, sustaining serious injuries.

Plaintiff filed a three-count complaint against Berkshire and the codefendants who were alleged to have been hired by Berkshire to perform certain repairs, alterations and remodeling of the building. In Count I, plaintiff alleged that Berkshire was his employer, the owner of the building and the landlord to various tenants in the building; further, that Berkshire, as well as each of the codefendants, had charge of the repair, alteration and remodeling of the building and as such, was chargeable with certain enumerated violations of the Structural Work Act which resulted in plaintiff's injuries. In Count II, plaintiff alleged that Berkshire, as his employer, was guilty of various enumerated acts of negligence in connection with the condition of the canopy. Count III charged the codefendants with negligence in connection with the condition of the canopy, but was not directed against Berkshire.

Berkshire appeared and filed a motion that the complaint be dismissed as to Berkshire in that the action was barred by section 5(a) of the Workmen's Compensation Act. In support of the motion Berkshire alleged that the complaint specifically alleged that plaintiff was its employee on the date of the accident, and that subsequent to the accident plaintiff had filed a claim in that regard with the Illinois Industrial Commission. The trial court granted the motion to dismiss the complaint against Berkshire only, and further found no just reason to delay enforcement or appeal from the dismissal order. The trial court denied plaintiff's subsequent motion for a rehearing of the dismissal order. Plaintiff then perfected the instant appeal.

Section 5(a) of the Workmen's Compensation Act provides in pertinent part:

> "No common law or statutory right to recover damages from the employer, * * * for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act."

The Illinois Supreme Court addressed the relationship of the Structural Work Act and the Workmen's Compensation Act in the case of *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141. There the court stated at page 463:

> "As originally adopted in 1907, the Scaffold Act authorized actions under it by an employee against an employer. *Schultz v. Henry Ericsson Co.*, 264 Ill. 156, was such a case. But when the General Assembly subsequently adopted the Workmen's Compensation Act, it undertook to deal comprehensively with the rights of an injured employee and his employer. To that end it established a system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. From the outset it has contained a provision like the present section 5(a), prohibiting the maintenance of a common-law or statutory action by the employee against the employer for injuries received in the line of duty.
>
> To the extent that it prohibits an action by an employee against an employer, the Workmen's Compensation Act has amended the Scaffold Act."

The court had previously observed at page 462 that the language of section 5(a) when read alone "leaves no room for construction," in that it bars any statutory right to recover damages for injury.

Plaintiff does not dispute that the Workmen's Compensation Act provides an exclusive remedy where an employee seeks recovery against his employer in such capacity. Instead, plaintiff argues that an employer operating under a dual capacity of employer and owner in charge of structural work activities is impressed with obligations as an owner which are wholly independent of his obligations as an employer, thus rendering inapplicable the employer's shield from tort liability under the Workmen's Compensation Act. In support of his argument plaintiff cites *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512. There, the court held that the Workmen's Compensation Act did not bar an employee from maintaining a Structural Work Act suit against his employer who was both the sole owner of the construction company employing plaintiff and a member of a partnership which had contracted

for the erection of the building. The court seemingly adopted a dual capacity doctrine in distinguishing *Gannon* on the basis that the plaintiff in *Marcus* did not sue the defendant as an employer but as an owner in charge of the work. We find *Marcus* to be questionable authority for the application of a dual capacity doctrine, and further, to be distinguishable on the facts from the instant case.

The *Marcus* decision relied upon two Supreme Court cases which involved the construction of the exclusive remedy provision of the Federal Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. §905 (1927)). In *Reed v. Steamship Yaka* (1963), 373 U.S. 410, 10 L. Ed. 2d 448, 83 S. Ct.1349; and *Jackson v. Lykes Bros. Steamship Co.* (1967), 386 U.S. 731, 18 L. Ed. 2d 488, 87 S. Ct. 1419, the court held that the exclusive remedy provision of the Act was not intended by Congress to prohibit suit against an employer who additionally operated in the dual capacity of owner of a vessel which violated the common law warranty of seaworthiness. However, subsequent to the decisions in *Reed* and *Jackson*, Congress amended section 5 of the Act to expressly prohibit the possibility of dual liability under the warranty of seaworthiness (33 U.S.C. §905(b) (1972)). In light of the amendment the court's construction of the prior provisions of the Act is of dubious support for the dual capacity language stated in *Marcus*. Moreover, the same court which apparently adopted the dual capacity doctrine in *Marcus* subsequently retreated from its broad language. In *Dintelman v. Granite City Steel Co.* (1976), 35 Ill. App. 3d 509, 341 N.E.2d 425, the court stated that its decision in *Marcus* should not be read as a sweeping repeal of employer immunity, despite the seemingly broad language employed. Distinguishing *Marcus* as not involving a suit against an employer operating in a dual capacity, but instead, a suit against a separate legal entity, namely, the partnership, the court concluded that *Marcus* cannot be deemed to have altered the long standing prohibition barring a dual recovery under both the Workmen's Compensation Act and the Structural Work Act against a single entity.

If the *Marcus* decision retains any viability at the present time, it is limited to the principle that the Workmen's Compensation Act bars all other remedies of an employee against his employer unless that employer is existing as one or more distinct legal entities. In the instant case, however, plaintiff's complaint did not allege that Berkshire operated in a dual capacity, much less that it existed as one or more distinct legal entities. To the contrary, the complaint indicates that Berkshire existed as a single entity; that it employed plaintiff as a maintenance man in its own building; and that plaintiff was performing work at Berkshire's sole request and for its sole benefit at the time of the accident. The fact that Berkshire also leased out portions of the building to commercial tenants is

irrelevant to the relationship between Berkshire, the plaintiff and the plaintiff's duties as to the building. Clearly, under the allegations of plaintiff's complaint, Berkshire occupied a position as plaintiff's employer and no other.

Accordingly, we hold that the trial court did not err in dismissing the complaint against Berkshire as barred by section 5(a) of the Workmen's Compensation Act. The order of dismissal entered by the Circuit Court of Cook County is affirmed.

Affirmed.

DEMPSEY and McNAMARA, JJ., concur.