RICHARD KIM, Plaintiff-Appellant, *v.* FRANK RAYMOND, Defendant-Appellee.

First District (3rd Division) No. 63166

Opinion filed November 18, 1976.

E. T. Cunningham, of Ronan & Cunningham, of Chicago, for appellant.

Barry L. Kroll and Thomas H. Neuckranz, both of Jacobs, Williams & Montgomery, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Richard Kim, was employed by the defendant, Frank Raymond, d/b/a The Raycor Construction Company, whose business was constructing and remodeling residences. In June 1972, Raymond and Kim were on the roof of a house owned by Raymond and his wife as sole beneficiaries of a land trust held in the name of the First National Bank of Evanston. Kim was laying shingles on the roof and Raymond was supervising the job. In the course of the work Kim fell from the roof and was injured.

Kim filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) against his employer and received $20,750 from the construction firm's insurer. He then sued Raymond for an alleged violation of the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*), but the trial court entered summary judgment for the defendant. On appeal the only issue is whether section 5(a) of the Workmen's Compensation Act bars an action under the Structural Work Act by an employee against his employer when the employer also is an owner of the property where the accident occurred.

Section 5(a) of the Act limits an employee's right to sue:

"No common law or statutory right to recover damages from the employer * * * for injury or death sustained by any employee

while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act * * *."

In *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141, the court held that this section prohibited an injured employee from suing his employer under the Structural Work Act. But the plaintiff cites *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512, to support the proposition that an employee may recover under both acts when his employer operates in the "dual capacity" of employer and owner. The precedential value of this decision is doubtful. First, it differs factually from the case at bar; an employee who had received workmen's compensation was allowed to recover under the Structural Work Act against a partnership—a distinct legal entity—in which the employer was one of the partners. Here the same entity— Raymond—was sued under both acts. Second, the same court later expressly limited *Marcus* to its facts and stated that the decision did not "alter the long standing prohibition against dual recovery under the Workmen's Compensation Act and the Structural Work Act against a single entity." (*Dintelman v. Granite City Steel Co.* (1976), 35 Ill. App. 3d 509, 341 N.E.2d 425.) The same limited view of *Marcus* has been taken in subsequent decisions: *Walker v. Berkshire Foods, Inc.* (1976), 41 Ill. App. 3d 595, 354 N.E.2d 626; *Rosales v. Vernon Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 354 N.E.2d 553.

The plaintiff frankly recognizes the strong precedent running against him but argues that it should not be followed. He points out that it has been held that an injured employee may sue a passively negligent third party under the Structural Work Act, and that the third party may, in turn, recover indemnity from the actively negligent employer (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630); but that an employer has no action over against an employee (*Palier v. New City Iron Works* (1967), 81 Ill. App. 2d 1, 225 N.E.2d 67), and that this in effect allows the injured employee to recover from his employer under the Structural Work Act despite the restrictions contained in section 5(a) of the Workmen's Compensation Act. He concludes that these decisions imply that section 5(a) should not prohibit recovery under the Structural Work Act when the employer has a dual legal status such as employer and owner. This reasoning, however, overlooks the fact that section 5(b) of the Workmen's Compensation Act specifically allows an injured employee to sue a nonemployer third party. In any event, the appeals in *Miller* and *Palier* were not from decisions in which an employee had sued his employer under both acts; neither opinion (nor the others cited by the appellant but not discussed here) implies that the clear, prohibitory language of section 5(a) should be disregarded. Whether a third party

chooses to and successfully recovers indemnity against an employer for payments made under the Structural Work Act has no bearing upon whether an employee may sue his employer twice—once under the Workmen's Compensation Act and again under the Structural Work Act.

The defendant's motion for summary judgment was properly granted.

Judgment affirmed.

MEJDA, P. J., and McNAMARA, J., concur.