JESSE L. CAREY, Plaintiff-Appellant, *v.* COCA-COLA BOTTLING CO. OF CHICAGO, Defendant-Appellee.

Second District   No. 76-233

Opinion filed May 12, 1977.

Patricia L. Hatfield, of Farrell & Edgerton, of West Chicago, for appellant.

Jay H. Tressler, of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The plaintiff, Jesse L. Carey, was employed as a maintenance man by the Coca-Cola Bottling Company in their plant in St. Charles, Illinois. On November 13, 1974, when he was making repairs to a wall of the plant, the ladder on which he was standing slid out from under him and he was injured. Carey filed a claim with the Industrial Commission and the cause

was settled under the Workmen's Compensation Act. (Ill. Rev. Stat. 1973, ch. 48, pars. 138.1 *et seq.*) The plaintiff has sued the Coca-Cola Bottling Company of Chicago under the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, pars. 60 *et seq.*), for an alleged violation of the provisions thereof. The trial court herein entered a summary judgment for the defendant. In this appeal the only issue is whether section 5(a) of the Workmen's Compensation Act bars an action under the Structural Work Act by an employee against his employer where the employer is also the owner of the property.

Section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)) limits an employee's right to sue in pertinent part as follows:

> "No common law or statutory right to recover damages from the employer * * * for injury * * * sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act * * * ."

In substance, the contention of the plaintiff is that an employer in charge of construction on its own premises may be liable in both a Workmen's Compensation claim proceeding and in a Structural Work Act action.

A landmark case in this regard is *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 462, 150 N.E.2d 141, 143. The court therein stated:

> "Section 5(a) bars a common-law action by an employee against his employer for injuries received in the course of his employment, and it also bars a statutory action against his employer for his wrongful death."

The court went on to observe that the legislature, in enacting the Workmen's Compensation Act, in effect, amended the Scaffold Act and when the two statutes are read together the Workmen's Compensation Act prohibits an action by an employee against the employer under the Scaffold Act. The court further held that this was not arbitrary even though the Workmen's Compensation Act altered the previous pattern of recovery that had existed prior to the enactment of this section.

In support of his contention for recovery plaintiff relies upon the case of *Marcus v. Green* (5th Dist. 1973), 13 Ill. App. 3d 699, 300 N.E.2d 512. The holding in that case has been substantially rejected, not only by the Fifth District itself, but by the other appellate courts of this State. In the *Marcus* case, the court held that an employee might recover under both acts when his employer operated in the "dual capacity" of an employer and an owner. The same court subsequently retreated from that finding in *Dintelman v. Granite City Steel Co.* (1976), 35 Ill. App. 3d 509, 341

N.E.2d 425. As pointed out in *Walker v. Berkshire Foods, Inc.* (1976), 41 Ill. App. 3d 595, 598, 354 N.E.2d 626, 629:

> "If the *Marcus* decision retains any viability at the present time, it is limited to the principle that the Workmen's Compensation Act bars all other remedies of an employee against his employer unless that employer is existing as one or more distinct legal entities."

In the present case there is but one entity and that is the Coca-Cola Bottling Co. of Chicago. Likewise, in *Kim v. Raymond* (1976), 44 Ill. App. 3d 37, 358 N.E.2d 34, once again the court rejected the *Marcus v. Green* holding, noting that the Fifth District itself had rejected the same in *Dintelman v. Granite City Steel Co.* The court pointed out that in the case of a dual capacity status under section 5(b) of the Workmen's Compensation Act, an injured employee could specifically sue a nonemployer third party. The court again held that 5(a) prohibits recovery under the Structural Work Act where the action is brought by the employee against the employer.

The counsel for the plaintiff has also cited *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125, a consolidated case in which the appellate court decision found in 27 Ill. App. 3d 472, 327 N.E.2d 147, was reversed. We do not find that case applicable in any way to the facts involved in the instant case. The supreme court therein gave no indication whatsoever that it was not in complete accord with *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* Indeed, at one point therein the court stated:

> "Accordingly, we must interpret section 5(a) as conferring immunity upon employers only from common law or statutory actions for damages by their immediate employees." 65 Ill. 2d 437, 447, 359 N.E.2d 125, 130.

We therefore find, under the decision of *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* and the subsequent decisions cited above, the employee may not recover under the Structural Work Act from the employer-owner when the employee is covered by the Workmen's Compensation Act and recovery is had thereunder. The order of the trial court dismissing the complaint herein was correct and we affirm.

Judgment affirmed.

RECHENMACHER, P. J., and NASH, J., concur.