ARTHUR McCARTY, Plaintiff-Appellant, *v*. THE CITY OF MARSHALL, Defendant-Appellee.

Fourth District   No. 13607

Opinion filed August 8, 1977.—Rehearing denied September 19, 1977.

CRAVEN, P. J., dissenting.

David N. Howarth, of Grummon, Howarth & White, of Springfield, for appellant.

William F. Meehling and Randolph M. Rich, both of Miller & Meehling, of Marshall, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Does the Structural Work Act apply here? Yes.

Will a structural work action lie here? No.

McCarty was employed by the electric department of the City of Marshall. On July 9, 1973, while under the supervision of an employee of the municipal defendant, plaintiff was instructed to perform certain repairs and maintenance work upon the city's power plant and electrical substation. In the course of this work, plaintiff received an electric shock and fell about ten feet to the ground. The plaintiff sued under the provisions of the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*) to recover for injuries sustained in the fall from property owned by the defendant. The trial court allowed defendant's motion to dismiss the complaint and plaintiff appeals from the trial court's refusal to reconsider its order of dismissal. Two different theories of recovery were tendered: (1) a violation of the Structural Work Act and (2) common law negligence on the part of the City of Marshall. The success or failure of plaintiff's action is not at issue here. The only question presented is whether the plaintiff may maintain either a structural work action or a common law negligence action against the City of Marshall in its capacity as the owner of the premises when plaintiff has also received workmen's compensation benefits supplied by that source.

There can be no doubt that under the Act an employer includes a city, an employee includes those who work for a city, and that the Act applies where a city is engaged in maintenance work of one of its owned buildings. The City argued in its motion to dismiss, and continues to argue here, that it is immune from suits against it under the Structural Work Act or under a theory of common law negligence because of section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a)). That section precludes actions against an employer who is liable for injuries to his employees under the Illinois Workmen's Compensation Act. *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141.

Yet, regardless of the broad sweep of this prohibition, an employee injured by a failure to comply with the Structural Work Act has been permitted to maintain a separate action under it against a *non-employer owner* of the premises regardless of his corresponding compensation

under the Workmen's Compensation Act. *Kennerly v. Shell Oil Co.* (1958), 13 Ill. 2d 431, 150 N.E.2d 134.

Thus the question presented to this court is whether its dual capacity as *employer and owner* prevents the defendant city from asserting the immunity to suit by an employee provided by the Workmen's Compensation Act.

That question was addressed recently by our supreme court in *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125, albeit under a slightly different fact situation. There, the owner of the premises was forced to pay workmen's compensation benefits to an injured employee because the actual employer of the employee, a subcontractor, did not carry workmen's compensation insurance (see Ill. Rev. Stat. 1973, ch. 48, par. 138.1(a)(3)). The owner sought to subrogate himself to the position of the actual employer and claimed immunity from the employee's Structural Work Act action. But the supreme court refused to allow the owner under such circumstances to utilize the immunity provided by section 5(a) of the Workmen's Compensation Act. In *Laffoon* the court said:

> "[T]he purpose of the Workmen's Compensation Act is to afford employees financial protection when their earning power is temporarily diminished or terminated due to employment injuries. It was the obvious intent of the legislature in enacting section 1(a)(3) to ensure this purpose was carried out when the employer-subcontractor cannot fulfill this obligation. It was logical and reasonable to impose the liability for compensation benefits upon the general contractor, because he was in a position to hire subcontractors who possessed the necessary insurance. To bestow immunity upon the general contractors would reward those employing subcontractors who have no workmen's compensation coverage but yet are bound by the provisions of the Workmen's Compensation Act; and it would penalize those general contractors who, mindful of the purpose and spirit of said Act, only employ insured subcontractors." 65 Ill. 2d 437, 446, 359 N.E.2d 125, 129.

The court then held:

> "Accordingly, we must interpret section 5(a) as conferring immunity upon employers only from common law or statutory actions for damages by their *immediate employees.*" (Emphasis added.) 65 Ill. 2d 437, 447, 359 N.E.2d 125, 130.

We conclude that the limiting effect and narrow interpretation of *Laffoon* is controlling of this case. We are also in accord with our sister court's analysis and reasoning in similar circumstances involving employee and employer-owner in the recent case of *Carey v. Coca-Cola Bottling Co.* (1977), 48 Ill. App. 3d 482, 363 N.E.2d 400.

In sum, the City of Marshall was the *employer*, plaintiff was an

*immediate employee,* the work involved came within the parameters of the Act and the legislative grant of immunity—as so recently interpreted by our supreme court—clearly encompasses both the parties and the facts before us.

The trial court correctly allowed the motion of the City of Marshall to dismiss the complaint and we affirm its judgment.

Affirmed.

HUNT, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:

I dissent. The majority refuses to acknowledge the validity of the dual capacity doctrine and in doing so erroneously ignores the plain holding of the supreme court in *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 359 N.E.2d 125.

Section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)) was adopted as an equitable tradeoff between employees covered by the Act who, under its provisions, no longer had to prove fault to receive compensation, and employers, whose liabilities to their employees were limited under the Act. This system has generally worked to the benefit of both parties but on occasion breaks down. It has long been held that an employee may recover from a third-party tortfeasor irrespective of his corresponding relief against his employer under the Workmen's Compensation Act. (*Kennerly v. Shell Oil Co.* (1958), 13 Ill. 2d 431, 150 N.E.2d 134.) To extend fairness and equality to employees whose employers also occupy the position of such third-party tortfeasors, the dual capacity doctrine has been created.

> "[A]n employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer." 2A Larson, Law of Workmen's Compensation §72.80 (1976).

In one form or another, the principle that an employer cannot accept the benefits of two positions and the liabilities of only one has been recognized by different courts throughout the country. *Reed v. Steamship Yaka* (1963), 373 U.S. 410, 10 L. Ed. 2d 448, 83 S. Ct. 1349; *Douglas v. E. & J. Gallo Winery* (1977), ___ Cal. App. 3d ___, 137 Cal. Rptr. 797; *Mazurek v. Skaar* (1973), 60 Wis. 2d 420, 210 N.W.2d 691; *Bright v. Reynolds Metal Co.* (Ky. 1973), 490 S.W.2d 474; *State v. Luckie* (Fla. App. 1962), 145 So.2d 239; Kelly, *Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine,* 5 St. Mary's L.J. 818 (1974).

In Illinois, the doctrine originally found expression in *Marcus v. Green*

(1973), 13 Ill. App. 3d 699, 300 N.E.2d 512, a case similar to the one at bar. Subsequent to that decision, several appellate courts sought to limit this holding by restricting the application of the dual capacity doctrine to the particular facts of *Marcus*. (See, *e.g., Carey v. Coca-Cola Bottling Co.* (1977), 48 Ill. App. 3d 482, 363 N.E.2d 400; *Dintelman v. Granite City Steel Co.* (1976), 35 Ill. App. 3d 509, 341 N.E.2d 425; *Kim v. Raymond* (1976), 44 Ill. App. 3d 37, 358 N.E.2d 34; *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 354 N.E.2d 553; *Walker v. Berkshire Foods, Inc.* (1976), 41 Ill. App. 3d 595, 354 N.E.2d 626.) However, the supreme court, by its clear recognition of the dual capacity doctrine in *Laffoon*, breathes new life into *Marcus* as the rule in Illinois.

Justice Kluczynski in the *Laffoon* opinion set forth the example of two men working on a beam, both of whom are injured. In the context of *Laffoon*, the writer asked whether it made sense for one of the men, working for a subcontractor who has workmen's compensation insurance, to collect workmen's compensation benefits from his employer and yet have a right of action against the general contractor for negligence while the second man, working for a subcontractor who did not have workmen's compensation insurance, had to look to the general contractor for workmen's compensation benefits and could not, because of the exclusive remedy provision, seek recompense from the general contractor for the latter's tort liability. The same question can be asked here. The supreme court's conclusion that to allow section 5(a) to operate in this fashion results in an "arbitrary classification" (65 Ill. 2d 437, 445) and is not to be tolerated should have been reached by the majority of this court. The attempt to distinguish the holding of *Laffoon* ignores the lack of a difference between its facts and two hypothetical workmen who may fall from scaffolding. One, employed by a subcontractor, may collect workmen's compensation benefits and still maintain a structural work action against the owner of the premises. The other, who is employed by the owner, is limited under section 5(a) to relief under the Workmen's Compensation Act. That the supreme court reached its result in *Laffoon* on different facts does not negate the fact that in doing so they clearly adopted the dual capacity theory.

I would reverse the decision of the trial court and remand with directions to reinstate the plaintiff's complaint. My view is not limited to the cause of action stated under the Structural Work Act, but would apply as well to the count alleging defendant's common law negligence as an owner of the premises. The majority, however, has seen fit to adopt the unfortunate opinion that section 5(a) may operate to shield an employer from all liabilities to his employees no matter in what capacity he harms them. With that conclusion I cannot agree.