JAMES PROFILET, Plaintiff-Appellant, *v.* JOSEPH FALCONITE, d/b/a Falconite Plumbing, Heating & Equipment Rental Company, Defendant-Appellee.—(L. R. YOUNG CONSTRUCTION COMPANY *et al.*, Defendants.)

First District (3rd Division)   No. 63123

Opinion filed December 28, 1977.

Philip H. Corboy and Terrence J. Mahoney, both of Chicago, for appellant.

Sweeney and Riman, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
  The plaintiff, James Profilet, appeals from an order of the Circuit Court of Cook County allowing a "motion to strike and dismiss" count VIII of a complaint charging Joseph Falconite, doing business as Falconite Plumbing, Heating and Equipment Rental Company (Falconite), with strict tort liability as owner and lessor of equipment which allegedly caused physical injuries to the plaintiff. (*Suvada v. White Motor Co.*

(1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Galluccio v. Hertz Corp.* (1971), 1 Ill. App. 3d 272, 274 N.E.2d 178.) This count contained the sole charge against Falconite in the complaint. The complaint also joined as defendants numerous other parties under varying theories of liability, but these other defendants are not involved in this appeal. The circuit court's dismissal of count VIII was predicated upon Falconite's affirmative defense that the plaintiff was its employee at the time of the mishap, working under its direction and supervision, and that the plaintiff's exclusive remedy was consequently under section 5(a) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a).) The order appealed from contains a recital that there is no just reason to delay enforcement or appeal of the order. Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).

The pertinent portions of the complaint alleged that Falconite was in the plumbing and heating business and that it also owned and leased out construction equipment. Falconite had leased a crane to a subcontractor at a water filtration construction site in Alexander County, Illinois. The answers to interrogatories and the transcript of the hearing on the motion to dismiss contained in this record disclose that the plaintiff was employed by Falconite as a "general laborer"; that he was assigned on July 6, 1973 (the date of the injury), to assist the crane operator in lifting filter tanks and moving metal plates at the construction site, and that the crane operator was supplied by Falconite for the operation. The record further discloses that while the plaintiff was assisting the crane operator in that regard, the boom of the crane apparently came in proximity with overhead electrical wires, which caused an electrical arc and conducted electricity down the boom, causing severe burns to the plaintiff. Count VIII of the complaint alleged that Falconite was the owner and lessor of the crane and that it was strictly liable in tort for providing the subcontractor with an unreasonably dangerous product because the crane boom could conduct electricity upon proximity to, while not in contact with, electrical wires, without warning or instruction of such danger.

Falconite's answer to the complaint, in addition to denying and admitting matters not here relevant, advanced the affirmative defense that the plaintiff was employed by and working under the supervision and direction of Falconite at the time of the injury, and that his exclusive remedy lay in the Workmen's Compensation Act. The answer asked that the plaintiff's suit against Falconite "be dismissed." The transcript of the hearing on the motion to strike and dismiss discloses that Falconite paid benefits to the plaintiff under that Act.

The plaintiff asserted in his reply to Falconite's affirmative defense that Falconite acted in a "secondary capacity," as the distributor of an unreasonably dangerous product, and that the exclusive remedy provided

in the Workmen's Compensation Act did not apply to such circumstances. The plaintiff cited in support of this position the case of *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512.

The sole issue advanced on this appeal is whether an employee has a separate cause of action against his employer under strict tort liability when the employer is also the owner and lessor of an allegedly unreasonably dangerous product.

Section 5(a) of the Workmen's Compensation Act provides in pertinent part (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a)):

> "No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

In *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141, the supreme court interpreted this section of the Act as barring a common-law action by an employee against his employer for injuries received in the course of his employment. *Gannon* involved a claim by an employee against his employer under the Scaffold Act for injuries received in a fall from a ladder in the course of his employment by the employer as a bricklayer.

More recently, this court decided in the case of *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 354 N.E.2d 553, that an employer who is engaged in the manufacture of car seats and who removes a safety device from a punch press used in such manufacture in order to increase productivity, will not be liable as a "quasi-manufacturer" under a strict tort liability to an employee operating the punch press who is injured as a result of the employer's modification of the safety design. In response to the employee's argument in *Rosales*, that the employer acted in a "dual capacity" as a "quasi-manufacturer" by removing the safety feature, this court said the dual capacity test is not concerned with how separate or different the employer's second function is but whether it creates or generates obligations unrelated to those of an employer. This court reviewed extensively numerous cases dealing with the dual capacity question, and concluded that the employer in *Rosales* could not be sued by its employee in a common-law action since the employee's exclusive remedy was under the Workmen's Compensation

Act. In reaching such conclusion the majority in *Rosales* commented that the employee's injuries could not have occurred but for his employment as a punch press operator. We note that the dissent registered in the *Rosales* case turned on the affirmative act of the employer in removing the safety device from the machine, ultimately causing injury to the employee. That dissent involved circumstances peculiar to that case, which conditions are not present in the instant matter because there is no evidence or allegation that the danger the crane presented was increased by any alteration Falconite performed on it.

■■ While we are in accord with the plaintiff's position that a lessor of an unreasonably dangerous product may be held strictly liable in tort for injuries sustained therefrom (*Suvada v. White Motor Co.* and *Galluccio v. Hertz Corp.*), we do not believe that the instant case should be governed by *Marcus v. Green*. The *Marcus* case held that a construction employee who is injured in the collapse of a scaffold when working on a private enterprise in which his employer had an interest distinct from the business involving the employer-employee relationship, could maintain an action against the employer for such injuries apart from the Workmen's Compensation Act. But the *Marcus* case has since been severely limited by the appellate court in *Dintelman v. Granite City Steel Co.* (1976), 35 Ill. App. 3d 509, 341 N.E.2d 425. The court in *Dintelman* stated that *Marcus* involved an action by an employee not against his employer, per se, but against a separate and distinct legal entity in which his employer had an interest with another. The *Dintelman* court noted that *Marcus* did not alter the long-standing prohibition against dual recovery under the Workmen's Compensation Act and the Structural Work Act as against a single entity.

This court has also since questioned the validity of the *Marcus* case, and has held that an employee may not maintain an action against his employer apart from the Workmen's Compensation Act for injuries alleged to have occurred because of the employer's secondary capacity. To the same effect are numerous decisions which have considered the same. (See *Rosales v. Verson Allsteel Press Co.*; *Kim v. Raymond* (1976), 44 Ill. App. 3d 37, 358 N.E.2d 34, which involved a construction employee injured while roofing his employer's personal residence; *Walker v. Berkshire Foods, Inc.* (1976), 41 Ill. App. 3d 595, 354 N.E.2d 626, where a general building maintenance employee was injured while washing windows on the exterior of a building owned by his employer and also leased out to commercial tenants, and *Carey v. Coca-Cola Bottling Co.* (1977), 48 Ill. App. 3d 482, 363 N.E.2d 400, involving a maintenance employee making repairs to wall of plant, who was injured when a ladder slipped from under him.) The *Carey* and *Walker* cases reflected the "single entity" position taken by the *Dintelman* court.

In the instant case, the plaintiff initially named Falconite as a defendant in the complaint under the style, "JOSEPH FALCONITE d/b/a FALCONITE EQUIPMENT RENTAL and d/b/a FALCONITE PLUMBING AND HEATING." Falconite challenged such designation in its affirmative defense, alleging that it was "Joseph Falconite d/b/a Falconite Plumbing, Heating & Equipment Rental Company." The plaintiff's reply to the affirmative defense admitted he was employed by Falconite under the latter designation. By the plaintiff's own admission, Falconite was not here sued as two separate entities.

■■■ Moreover, the matters brought out in the record clearly bar the plaintiff from maintaining this action against Falconite. The plaintiff was employed as a "general laborer" by "Joseph Falconite, d/b/a Falconite Plumbing, Heating & Equipment Rental Company." The crane leased to the subcontractor by Falconite was accompanied by a crane operator supplied by Falconite, and the plaintiff was assigned to assist the operator in the performance of certain functions connected with the use of the crane when the alleged injury occurred. As noted in *Rosales*, the plaintiff would not have been injured but for his employment by Falconite as a general laborer and his assignment to assist the crane operator supplied by Falconite who was operating the crane leased by Falconite to the subcontractor. The plaintiff's exclusive remedy against Falconite was under the Workmen's Compensation Act, and the Circuit Court of Cook County, therefore, properly held that the plaintiff could not maintain the instant action charging Falconite with strict tort liability as the owner and lessor of the crane.

For these reasons, the order appealed from is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.