WALKER SAGO, Plaintiff-Appellee, v. AMAX ALUMINUM MILL
PRODUCTS, INC., Defendant-Appellant.

First District (2nd Division)   No. 76-688

Opinion filed December 12, 1978.

Baker & McKenzie, of Chicago (Francis D. Morrissey and Edward J. Zulkey, of counsel), for appellant.

Reed, Lucas & Doherty and Scoby, Biggam & Lunding, P. C., both of Chicago (David H. Lucas and Edward V. Scoby, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant appeals, pursuant to Supreme Court Rule 308, from an order denying its motion to dismiss a products liability action filed by an employee of defendant. The sole issue on appeal is whether section 5(a) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a)) precludes an employee from maintaining a products

liability action against his employer when the employer is also the manufacturer of an allegedly defective machine which is used in defendant's plant and is also sold to the public.

We reverse.

Defendant, Amax Aluminum Mill Products, Inc., operates an aluminum fabricating mill in Morris, Illinois. In 1967 defendant purchased an aluminum roll levelling machine for the fabricating mill from Hunter Engineering in Riverside, California. At the time of the manufacture and sale, Hunter Engineering was a division of defendant corporation which designed and manufactured various machines for sale to the public as well as for use in defendant's operations. In 1970 defendant sold the division, and on the date of plaintiff's injury Hunter Engineering was an independent corporation.

On January 27, 1973, while working within the scope of his employment for defendant, plaintiff was injured when his hand became caught in the machine and was crushed. Plaintiff filed a claim under the Workmen's Compensation Act against defendant and on March 31, 1974, a lump sum settlement was approved by the Industrial Commission. On November 13, 1974, plaintiff filed an action against defendant alleging that the machine was defectively designed and manufactured and was unreasonably dangerous, and that plaintiff's injuries were proximately caused by such defects. Defendant filed a motion to dismiss the action alleging that plaintiff's recovery under the Workmen's Compensation Act was a bar to any action against defendant-employer. The trial court denied defendant's motion to dismiss but certified an appeal under Supreme Court Rule 308. (Ill. Rev. Stat. 1975, ch. 110A, par. 308.) This court allowed defendant's application for leave to appeal.

■■ Section 5(a) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a)) provides in pertinent part:

> "No common law or statutory right to recover damages from the employer, * * * for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

The Supreme Court of Illinois in *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 150 N.E.2d 141, interpreted section 5(a) as barring any common law or statutory right to recover damages by an employee against his employer for injuries received in the course of employment. The court reasoned that when the legislature adopted the Workmen's Compensation Act, it undertook to deal

comprehensively with the rights of an injured employee and his employer. To that end the Act established a system of liability without fault designed to distribute the cost of industrial injuries without regard to common law doctrines. Common law defenses are abrogated, but in exchange the employee is required to give up certain elements of damage recoverable in common law actions. *Rosales v. Verson Allsteel Press Co.* (1st Dist. 1976), 41 Ill. App. 3d 787, 354 N.E.2d 553.

██ The language of section 5(a) is clear in establishing the Act as the exclusive remedy against the employer. However, plaintiff contends that the "dual capacity" doctrine applies in the instant case to allow the products liability action. Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy provision may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer. (24 Larson, Law of Workmen's Compensation §72.80 (1976).) Plaintiff contends that defendant occupied the capacity of manufacturer of a product for sale to the public and assumed all the liabilities of manufacturer independent of defendant's capacity as plaintiff's employer. Plaintiff relies primarily on a California case, *Douglas v. E. & J. Gallo Winery* (1977), 69 Cal. App. 3d 103, 137 Cal. Rptr. 797. In *Douglas* the court held that a cause of action based on manufacturer's liability could be brought even though defendant was also plaintiff's employer and the alleged injuries took place in the course of employment, provided the product involved was manufactured by the employer for sale to the general public.

Although the "dual capacity" doctrine is recognized in Illinois (*Rosales v. Verson Allsteel Press Co.*), the doctrine is strictly construed and has been rejected in recent cases decided by the appellate court. (*Winkler v. Hyster Co.* (4th Dist. 1977), 54 Ill. App. 3d 282, 369 N.E.2d 606, *appeal denied* (1978), 71 Ill. 2d 601; *McCarty v. City of Marshall* (4th Dist. 1977), 51 Ill. App. 3d 842, 366 N.E.2d 1052, *appeal denied* (1977), 66 Ill. 2d 639.) In *Rosales* the court recognized that the "dual capacity" doctrine existed but refused to apply the doctrine to allow a products liability action against an employer who modified the safety mechanism on a machine. The court rejected plaintiff's argument that the employer was a quasi-manufacturer and was separately liable due to the dangerous condition of the machine. The court found that the employer did not sell machines to the public and that providing the machine was an incident of the employment relationship.

██ The court in *Winkler* extended the holding in *Rosales* to a situation where the employer sold the allegedly defective product to the public. In *Winkler* an employee was injured by an allegedly defective lift truck which had been manufactured by the employer in the ordinary course of

its business and was being used in the plant in which the employee worked. After the employee recovered under the Workmen's Compensation Act, he filed an action alleging that the truck was defectively designed and manufactured by his employer. The trial court dismissed the action, and the appellate court affirmed, holding that a products liability action against an employer by an employee injured in the line of duty is barred by section 5(a). The court specifically rejected the *Douglas* case and rejected the contention that the "dual capacity" doctrine was applicable. The court reasoned that section 5(a) refers

"* * * to the status of the employee at the time of injury and not to the capacity of the employer at the time of the tortious conduct. Moreover, the alleged wrongful conduct of the employer here was related to the employment relationship in that the employer had a duty arising out of the employment relationship to furnish safe equipment to its employees. [Citations.] That duty arises whether the equipment is purchased or manufactured by the employer either in connection with producing the same item for public consumption or otherwise." (54 Ill. App. 3d 282, 285.)

Thus, under *Winkler,* the present action is barred by plaintiff's recovery under the Workmen's Compensation Act.

Defendant's position that the products liability action is barred by section 5(a) is also supported by the decision in *Profilet v. Falconite* (1st Dist. 1977), 56 Ill. App. 3d 168, 371 N.E.2d 1069. In *Profilet* an employee was injured when a crane, which his employer owned and leased out to third parties, came in close proximity with overhead wires and an electrical arc conducted electricity down the boom. The court held that the employee did not have a separate cause of action against his employer as owner and lessor of an allegedly unreasonably dangerous product under strict tort liability, even though the employee would have a cause of action against a third-party lessor. The court held that the employee would not have been injured but for his employment, and that his exclusive remedy was under the Workmen's Compensation Act.

Plaintiff cites *Marcus v. Green* (5th Dist. 1973), 13 Ill. App. 3d 699, 300 N.E.2d 512, to support its contention that a separate action may be maintained against an employer by an employee. In *Marcus* an employee was injured while working on a scaffold on premises owned by a partnership of which the employer was a member. The employee recovered under the Workmen's Compensation Act and then filed an action under the Structural Work Act against the employer as partner. The court held that the action was not barred by section 5(a), reasoning that the action was based on the employer's capacity as an owner, and that the duty of an owner is entirely separate from the duty of an

employer. Although the court in *Marcus* applied the "dual capacity" doctrine, subsequent cases have expressly limited *Marcus* to its facts and have interpreted *Marcus* as not involving the "dual capacity" doctrine but as involving a suit against a separate legal entity, namely the partnership. (*Dintelman v. Granite City Steel Co.* (5th Dist. 1976), 35 Ill. App. 3d 509, 512, 341 N.E.2d 425; see also *Carey v. Coca-Cola Bottling Co.* (2d Dist. 1977), 48 Ill. App. 3d 482, 363 N.E.2d 400; *Kim v. Raymond* (1st Dist. 1976), 44 Ill. App. 3d 37, 358 N.E.2d 34; *Walker v. Berkshire Foods, Inc.* (1st Dist. 1976), 41 Ill. App. 3d 595, 354 N.E.2d 626.) The court in *Dintelman* stated: "We do not read the *Marcus* decision to alter the long standing prohibition against dual recovery under the Workmen's Compensation Act and the Structural Work Act against a single entity." (35 Ill. App. 3d 509, 512.) In *McCarty v. City of Marshall* the court specifically rejected the "dual capacity" doctrine and held that section 5(a) bars an action for failure to comply with the Structural Work Act by an employee against an employer-owner of the premises even though an action could be maintained against a nonemployer owner.

Based on the foregoing we conclude that plaintiff cannot maintain the present action against defendant, and that plaintiff's exclusive remedy is under the Workmen's Compensation Act.[1] Therefore, we reverse the order of the circuit court of Cook County.

Reversed.

STAMOS, P. J., and DOWNING, J., concur.

---

[1] We note that barring the products liability action because the manufacturer happens to be the employer of the injured person results in a situation in which some employees are precluded from receiving the benefits of the products liability doctrine, while others are not. Employees have varying rights depending on whether the employer is also a manufacturer. However, we believe that the language of the statute is clear and not subject to interpretation. Whether inequities have resulted is a question with which the legislature must deal.