(No. 34602.—

JOHN B. GANNON, Appellant, *vs.* CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILWAY CO. *et al.*—(E. H. MARHOEFER, JR., CO., Appellee.)

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

LEONARD M. RING, of Chicago, for appellant.

HINSHAW, CULBERTSON, MOELMANN & HOBAN, of Chicago, (OSWELL G. TREADWAY, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Like *Kennerly* v. *Shell Oil Co.,* No. 34523, *ante,* p. 431, this case involves the relationship between the Workmen's Compensation Act and the Scaffold Act. The plaintiff in this case was employed as a bricklayer by E. A. Marhoefer, Jr., Co. That company, (hereafter defendant) was engaged in the construction of a freight terminal for the Chicago, Milwaukee, St. Paul and Pacific Railway Co.. The plaintiff was injured when he fell from a ladder while climbing to a scaffold. He sued the defendant and the railroad under the Scaffold Act. The railroad answered, but the defendant filed a motion to dismiss on the ground that the Workmen's Compensation Act barred the action against it. The trial court sustained the motion, dismissed the action against the defendant, and indicated that its judgment was appealable under section 50(2) of the Civil Practice Act. (Ill. Rev. Stat. 1957, chap. 110, par. 50.) The plaintiff appeals directly on the ground that the statutes, construed as the trial court construed them, are unconstitutional.

The provision primarily involved is section 5(a) of the Workmen's Compensation Act. It provides: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation

herein provided, shall be available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1957, chap. 48, par. 138.5.) Section 5(b) of the act, the provision involved in the *Kennerly case,* authorizes the employee to maintain an action against a third party.

Section 5(a) bars a common-law action by an employee against his employer for injuries received in the course of his employment, and it also bars a statutory action against his employer for his wrongful death. (See *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244; *Faber* v. *Industrial Com.* 352 Ill. 115.) The language of the section, read alone, leaves no room for construction. It bars any "statutory right to recover damages for injury." Plaintiff argues, however, that to fail to regard the Scaffold Act as excepted from the bar of section 5(a) "has the practical effect of completely nullifying" it. He points out that the Scaffold Act is designed to prevent injuries, and that its violation is made a penal offense, and he concludes that the civil action it authorizes is therefore only an additional sanction to secure compliance. He also emphasizes that the common-law doctrines of assumed risk and the fellow-servant rule, which in part at least were responsible for the enactment of the Workmen's Compensation Act, are not applicable to an action under the Scaffold Act. See, *Fetterman* v. *Production Steel Co.* 4 Ill. App.2d 403; *Rimmke* v. *Gierich,* 335 Ill. App. 125.

We do not agree that these considerations warrant the conclusion that the Scaffold Act should be excluded from the broad sweep of the prohibition in section 5(a). Despite plaintiff's argument to the contrary, the Scaffold Act remains an effective enactment if the language of section 5(a) is given its natural scope. Its provisions for enforcement by State and local officials remain unaltered. A third

person injured by a failure to comply with the act still has his action under it, and as we hold in *Kennerly* v. *Shell Oil Company, ante,* p. 431, one who is employed on the job can maintain an action under it against the owner of the premises.

As originally adopted in 1907, the Scaffold Act authorized actions under it by an employee against an employer. *Schultz* v. *Henry Ericsson Co.* 264 Ill. 156, was such a case. But when the General Assembly subsequently adopted the Workmen's Compensation Act, it undertook to deal comprehensively with the rights of an injured employee and his employer. To that end it established a system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. From the outset it has contained a provision like the present section 5(a), prohibiting the maintenance of a common-law or statutory action by the employee against the employer for injuries received in the line of duty.

To the extent that it prohibits an action by an employee against an employer, the Workmen's Compensation Act has amended the Scaffold Act. Plaintiff argues that because section 5 did not set out at length the amended section of the Scaffold Act, it violates section 13 of article IV of the constitution and is therefore invalid. But it is settled that a statute that is complete in itself is valid even though it incidentally amends an earlier statute without setting forth the amended section at length. Many of the cases so holding are cited and discussed in *Starck* v. *Chicago and North Western Railway Co.* 4 Ill.2d 611, 616-7. Those authorities govern the present contention.

Plaintiff also argues that if the two statutes are read together in such a way as to prohibit an action by employee against employer under the Scaffold Act, that act violates the equal protection clause of the fourteenth amendment

to the constitution of the United States, and is invalid as special legislation under section 22 of article IV of the constitution of Illinois. The arbitrary quality thus attributed to the act is said to arise because an action under it is permitted against a farmer or other employer who is not subject to the Workmen's Compensation Act, and because an injured third party, a stranger to the work, is permitted to sue the employer while an employee is not.

It is true, of course, that the Workmen's Compensation Act has altered the pattern that theretofore existed in the law. Its effect upon the Scaffold Act, however, does not differ from its effect upon the Wrongful Death Act, or for that matter, upon common-law remedies. If we look only at the event,—the violation of the statute and the resulting injury—it is possible to see a lack of symmetry although it is no greater in the case of the Scaffold Act than elsewhere. But neither the Federal nor the State constitution prohibits the legislature from a more penetrating scrutiny that looks at the relationship of those who participate in the event as well as at the event itself. And the absence of precise symmetry that is caused by the legislative determination to treat separately and specially the rights of employee and employer does not result in unconstitutionality.

We hold, therefore, that the circuit court properly dismissed the complaint against the defendant.

*Judgment affirmed.*