(No. 54980—

RUSSELL DEAN SHARP, Appellee, v. ROBERT GAL-
LAGHER *et al.,* Appellants.

*Opinion filed March 25, 1983.*

Hinshaw, Culberton, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and Charles H. Cole, of counsel), for appellants.

Cooney & Stenn, and William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for appellee.

John M. Cannon, Susan W. Wanat, and Ann P. Sheldon, of Mid-America Legal Foundation, of Chicago, for *amici curiae* Chicago Association of Commerce and Industry, Illinois Construction Industry Committee, Association of Commerce and Industry of McLean County, and Mid-America Legal Foundation.

George W. Gessler, Terence E. Flynn, and David M. Levy, of Rooks, Pitts, Fullagar & Poust, of Chicago (Benjamin F. Cornelius and Douglas F. Stevenson, of counsel), for *amicus curiae* United States Steel Corporation.

Wayland B. Cedarquist, George E. Bullwinkel, and Henry C. Szesnay, of Chicago (Boodell, Sears, Sugrue, Giambalvo & Crowley, of counsel), for *amicus curiae* Republic Steel Corporation.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Russell Dean Sharp, filed a two-count complaint against the defendants, Robert Gallagher and Daniel Henry, individually and as partners doing business as Orchard Hill Building Company (Orchard Hill). Count I alleged violations of the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*). Count II was based on common law negligence. Defendants moved to dismiss both counts, contending they were plaintiff's employer and, therefore, the suit was barred by section 5(a) of the Workmen's Compensation Act (Act) (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(a)). The circuit court of Cook County granted defendants' motion. A majority of the appellate court reversed on the basis of the dual-capacity doctrine (94 Ill. App. 3d 1128), and we allowed defendants leave to appeal.

On January 16, 1978, plaintiff was working as a carpenter-helper at a residential construction site. While building a garage, he slipped and fell from an icy scaffold and was injured. He filed an application for adjustment of claim before the Industrial Commission, naming Farmingdale Millwork (Farmingdale) as his employer. He then brought the instant suit against defendants.

Defendants filed a motion to dismiss, contending Orchard Hill and Farmingdale were the same legal entity and that the partnership, doing business as Orchard Hill, was plaintiff's employer. On this basis, defendants ar-

gued the instant suit was barred by the Act. In response, plaintiff argues that Orchard Hill and Farmingdale were separate legal entities. In the alternative, plaintiff claims the partners acted in different capacities under these assumed names and, therefore, defendants should be liable under the dual-capacity doctrine.

In support of his position, plaintiff attached a copy of defendant Gallagher's deposition in which Gallagher stated Orchard Hill was the general contractor for the job and owned, through a land trust, the beneficial interest in the construction-site property. Gallagher described Farmingdale as a service organization, a "conduit" by which Orchard Hill obtained windows. He said that while Farmingdale was plaintiff's employer, Orchard Hill owned Farmingdale, and Orchard Hill and Farmingdale were "the same thing."

Both parties filed affidavits. Plaintiff's attorney attached to his affidavit quarterly Federal income tax withholding forms which showed that Farmingdale and Orchard Hill had separate Federal identification numbers for tax purposes.

Defendant Gallagher's affidavit stated that Orchard Hill absorbed all of Farmingdale's losses and profits and paid the premiums for Farmingdale's workmen's compensation insurance policy. Defendants also submitted an affidavit of Orchard Hill's accountant which stated that no Federal or State income tax return was prepared on behalf of Farmingdale. Farmingdale was not a separate business entity for general accounting or Federal income tax purposes, and it never had any reportable income for tax purposes. Its costs and expenses were reimbursed in total by Orchard Hill.

The trial court found that the Gallagher and Henry partnership doing business as Orchard Hill and Farmingdale were the same, as a matter of law, and granted defendants' motion to dismiss. The appellate

court agreed with the trial court that they were the same and that Orchard Hill was plaintiff's employer. However, the court reversed, concluding that under the dual-capacity doctrine, defendants' capacity as landowners conferred upon them a duty independent of that owed to plaintiff as an employer.

Initially, we note the record supports the trial and appellate courts' determination that Farmingdale and Orchard Hill were the same and that the partnership doing business as Orchard Hill was plaintiff's employer. The parties do not question this finding in their briefs. Indeed, in response to a question at oral argument, plaintiff admitted there is only one legal entity—the Gallagher and Henry partnership doing business as Orchard Hill and Farmingdale. The remaining question is whether a contractor-employer that also owns the land on which an employee is injured is immune from common law or statutory suits under the exclusive-remedy provision of the Act.

The legislature enacted the Workmen's Compensation Act to abrogate the common law rights and liabilities which previously governed an injured employee's ability to recover against his employer. The Act established a new "system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like." (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 463.) "Balanced against the imposition of no-fault liability upon the employer are statutory limitations upon the amount of the employee's recovery, depending upon the character and the extent of the injury. As part of this 'balancing,' the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury." *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d

352, 356.

Section 5(a) of the Act provides in relevant part:

"No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." Ill. Rev. Stat. 1977, ch. 48, par. 138.5(a).

Plaintiff argues the Gallagher and Henry partnership held itself out as a business having two capacities, one as employer under the Farmingdale Millwork designation and the other as landowner under the name Orchard Hill Building Company. He supports this contention by again asserting that Farmingdale and Orchard Hill had separate Federal identification numbers for purposes of the employer's quarterly Federal income tax withholding forms. On this basis, plaintiff maintains the defendants' partnership existed in a dual capacity and the instant suit against defendants in their capacity as landowners is not barred by the Act. Plaintiff relies on *Reed v. Steamship Yaka* (1963), 373 U.S. 410, 10 L. Ed. 2d 448, 83 S. Ct. 1349, *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, and *Marcus v. Green* (1973), 13 Ill. App. 3d 699.

In *Reed,* a longshoreman was injured loading a ship his employer had chartered. The court held the exclusivity provision of the Federal Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. sec. 901 *et seq.* (1976)) did not preclude suit against the employer, as ship charterer, for injuries caused by the unseaworthiness of the vessel. The court's holding hinged upon peculiarities of maritime law and the lack of congressional action to change the court's long line of cases in this area. However, as noted in *Kottis v. United States Steel Corp.* (7th Cir. 1976), 543 F.2d 22, *cert. denied* (1977), 430 U.S. 916, 51 L. Ed. 2d 594, 97 S. Ct. 1328, not only did Congress limit the *Reed* decision by amending the Longshoremen's and Har-

bor Workers' Compensation Act, but in addition, *Reed* does not control the interpretation given to a State statute by the courts of that State.

*Smith* and *Marcus* are distinguishable from the case at bar. There the doctrine of dual capacity was applied to the defendants on the basis that the employer, in each instance, was found to be acting as a separate legal entity. As this court has earlier noted, "A mere separate theory of liability against the same legal person as the employer is not a true basis for use of the dual capacity doctrine; the doctrine, instead, requires a distinct separate legal *persona.*" (*Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 319.) The underlying rationale for this statement has been stated by Professor Larson:

> "It is held with virtual unanimity that an employer cannot be sued as the owner or occupier of land, whether the cause of action is based on common-law obligations of landowners or on statutes such as safe place statutes or structual work acts.
>
> Apart from the basic argument that mere ownership of land does not endow a person with a second legal persona or entity, there is an obvious practical reason requiring this result. An employer, as part of his business, will almost always own or occupy premises, and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to a shambles." 2A A. Larson, Workmen's Compensation sec. 72.82 (1982).

Since the facts in the instant case reveal but one legal entity, the application of the dual-capacity doctrine is unavailable to the plaintiff.

For the reasons stated, the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*