JOSE MURCIA, Plaintiff-Appellant, v. TEXTRON, INC., *et al.*, Defendants (Callen Manufacturing Corporation, Defendant-Appellee).

First District (3rd Division)   No. 1—02—2940

Opinion filed May 14, 2003.

434

Law Offices of Blake Horwitz and Richardson & Stasko, L.L.C., both of Chicago, for appellant.

Kiesler & Berman, of Chicago (Edward L. Cooper, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Jose Murcia, filed the instant action seeking damages for injuries he sustained while operating a trim press owned by his employer, Callen Manufacturing (Callen). In count III of his amended complaint, the plaintiff asserted a negligence claim against Callen, predicated upon its alleged alteration of the trim press, failure to equip the press with necessary safety devices, and failure to warn him of the dangerous condition of the press. Callen filed a motion for judgment on the pleadings pursuant to section 2—615(e) of the Code

of Civil Procedure (Code) (735 ILCS 5/2—615(e) (West 1996)), in which it asserted that the negligence claim contained in count III of the plaintiff's amended complaint was barred by the exclusive remedy provision of section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a) (West 1996)). Before the trial court ruled on Callen's motion, the plaintiff filed a second amended complaint which, in count III thereof, again asserted a negligence claim against Callen. Callen elected to have its previously filed motion for judgment on the pleadings stand as its responsive pleading to count III of the plaintiff's second amended complaint. On March 11, 1997, the trial court granted Callen's motion for judgment on the pleadings and dismissed count III of the plaintiff's second amended complaint. It did not, however, include within its order findings pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), permitting an immediate appeal therefrom.

The action continued on as against the remaining defendants. On February 6, 1998, the trial court granted summary judgment in favor of nine defendants named in count II of the plaintiff's second amended complaint and included the requisite Rule 304(a) findings in its written order to that effect. The plaintiff did not appeal from that order, and those defendants are not parties to this appeal.

A trial commenced in this cause during the first week of May 2000. Although we have no transcript of that proceeding, it appears that the only defendant to participate in the trial was Textron, Inc. On May 10, 2000, after the trial commenced, the plaintiff was granted leave to file a two-count third amended complaint. Count I set forth a negligence claim against Textron, Inc., and three other corporations. Count II reasserted the negligence claim against Callen that the trial court had previously dismissed on March 11, 1997.

At the conclusion of the trial on May 10, 2000, the jury returned a verdict in favor of Textron, Inc., and the trial court entered judgment on the verdict that same day. There was no order entered disposing of the plaintiff's claims against the remaining three defendants as of that date.

On November 8, 2000, the plaintiff filed a motion asking the court to reconsider its March 11, 1997, order granting Callen's motion for judgment on the pleadings. The trial court denied that motion on May 11, 2001. Thereafter, on June 8, 2001, the plaintiff filed a notice of appeal from the trial court's orders dismissing Callen and denying his motion to reconsider. However, since the plaintiff's claims against the three remaining defendants were still pending and unresolved, this court dismissed that appeal for want of jurisdiction. *Murcia v. Greenlee Textron, Inc.*, No. 1—01—2176 (2002) (unpublished order under Supreme Court Rule 23).

On September 6, 2002, the trial court entered an agreed order dismissing the plaintiff's action against the remaining three defendants, with prejudice. Thereafter, on September 23, 2002, the plaintiff again filed a notice of appeal from the trial court's March 11, 1997, order dismissing his negligence claim against Callen and its May 11, 2001, order denying his motion for reconsideration of the dismissal order. Since the trial court's order of September 6, 2002, terminated this litigation as to all remaining defendants, our jurisdiction to entertain the plaintiff's appeal has been invoked pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

In this appeal, the plaintiff addresses only the dismissal of his negligence claim against Callen. None of the other defendants are parties to this appeal. In urging reversal of the March 11, 1997, order granting Callen's motion for judgment on the pleadings, the plaintiff argues that Callen acted in a "dual capacity," acting not only as his employer but also as a "quasi manufacturer" of the trim press that injured him. The plaintiff maintains that the negligence claim involved here is brought against Callen in its capacity as a "quasi manufacturer" of the press and, as such, is not barred by the exclusive remedy provision of the Workers' Compensation Act. For the reasons that follow, we reject the plaintiff's argument and affirm the judgment of the circuit court.

Before addressing the substantive issues presented by this appeal, we will comment briefly upon a procedural aspect of the case.

■ A motion for judgment on the pleadings brought by a defendant pursuant to section 2—615(e) of the Code admits the truth of all of the well-pleaded facts in the plaintiff's complaint and tests the sufficiency of the pleading as a matter of law. *Cunningham v. MacNeal Memorial Hospital*, 47 Ill. 2d 443, 448, 266 N.E.2d 897 (1970). The purpose of such a motion is not to raise affirmative factual defenses. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484, 639 N.E.2d 1282 (1994). In contrast, a motion to dismiss a complaint pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1996)) admits the legal sufficiency of the complaint and raises certain defects or affirmative defenses that act to defeat the plaintiff's claim. *Illinois Graphics Co.*, 159 Ill. 2d at 485; *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584, 736 N.E.2d 1174 (2000).

■ The exclusive remedy provision of section 5(a) of the Workers' Compensation Act provides employers with an affirmative defense to any tort action that may be asserted against them by an employee injured in the line of his or her duty. *Doyle v. Rhodes*, 101 Ill. 2d 1, 10, 461 N.E.2d 382 (1984). Consequently, the defense is appropriately raised by a motion for involuntary dismissal brought pursuant to sec-

tion 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 1996)), not by means of a motion for judgment on the pleadings pursuant to section 2—615(e) as was done by Callen in this case. However, as our supreme court has observed, there is "some degree of overlap between motions to dismiss brought under section 2—615 and those brought under section 2—619" when the grounds for the motion appear on the face of the complaint under attack. *Illinois Graphics Co.*, 159 Ill. 2d at 485.

■ In this case, the factual basis underlying Callen's assertion of the exclusive remedy provision of section 5(a) of the Workers' Compensation Act as a bar to the plaintiff's negligence claim against it appears on the face of count III of the second amended complaint. Because both a section 2—615 motion and a section 2—619 motion admit the truth of the allegations in the complaint under attack (*Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 1012, 654 N.E.2d 675 (1995)) and because the plaintiff was able to address the substance of Callen's arguments in response to its motion, we find that the plaintiff was not prejudiced by Callen's mislabeling of the motion. See *Neppl*, 316 Ill. App. 3d at 585-86. Further, we apply a *de novo* standard of review to orders entered in response to either a section 2—615 motion or a section 2—619 motion. *Neppl*, 316 Ill. App. 3d at 583. As a consequence, we will address the substantive issue raised by the plaintiff's appeal; namely, whether, as a matter of law, his negligence claim against Callen is barred by the exclusive remedy provision of the Workers' Compensation Act.

■ As our supreme court explained in *Sharp v. Gallagher*, 95 Ill. 2d 322, 326, 447 N.E.2d 786 (1983), in enacting the Workers' Compensation Act, our legislature abrogated an injured employee's common law rights to recover against its employer. Our legislature established instead a system of no-fault liability for employers, subject to statutory limits as to the amount an employee may recover. *Sharp*, 95 Ill. 2d at 326. In most cases, the Workers' Compensation Act provides an employee's exclusive source of remedy against his employer. *Sharp*, 95 Ill. 2d at 326. Section 5(a) of the Workers' Compensation Act provides in relevant part:

> "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." 820 ILCS 305/5(a) (West 1996).

■ The dual capacity or dual *persona* doctrine is recognized as a limited exception to the exclusive remedy provision of section 5(a).

Under this doctrine, an employer may become liable in tort to an injured employee if, in addition to acting in its capacity as employer, it operates in a second capacity that confers upon it " 'obligations independent of those imposed upon [it] as employer.' " *Smith v. Metropolitan Sanitary District of Greater Chicago*, 77 Ill. 2d 313, 318, 396 N.E.2d 524 (1979), quoting 2A A. Larson, Workmen's Compensation § 72.80, at 14—112 (1976). As our supreme court held in *Smith*:

> "[T]he decisive test in applying the dual capacity doctrine 'is not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer.' (2A A. Larson, Workmen's Compensation sec. 72.80, at 14—117 (1976).) A mere separate theory of liability against the same legal person as the employer is not a true basis for use of the dual capacity doctrine; the doctrine, instead, requires a distinct separate legal *persona*. (2A A. Larson, Workmen's Compensation sec. 72.80 (Supp. 1979).)" (Emphasis in original.) *Smith*, 77 Ill. 2d at 318-19.

■ In order to invoke the dual capacity doctrine as an exception to the exclusive remedy provision set forth in section 5(a) of the Workers' Compensation Act, an employee must show that his employer acted in two distinct capacities and that he was injured as a result of conduct in which his employer engaged while acting in the capacity other than that of employer. Where, however, the duties of the employer under both capacities are intertwined to the extent that its conduct in the second capacity cannot be deemed to generate obligations unrelated to those flowing from its capacity as an employer, the dual capacity doctrine is inapplicable. *Incandela v. Giannini*, 250 Ill. App. 3d 23, 27-28, 619 N.E.2d 844 (1993); see also *McCormick v. Caterpillar Tractor Co.*, 85 Ill. 2d 352, 357, 423 N.E.2d 876 (1981).

In count III of his second amended complaint, the plaintiff alleged that he was injured while operating a trim press owned by his employer, Callen. He further alleged that, in modifying, changing and altering the press, Callen "acted as a 'quasi manufacturer' and was, in effect, a separate legal entity, namely a manufacturer." On appeal, the plaintiff asserts that Callen's conduct in modifying the press was outside the bounds of the employer-employee relationship and gave rise to the application of the dual capacity doctrine.

The plaintiff's arguments in this regard were raised and rejected in *Rosales v. Verson Allsteel Press Co.*, 41 Ill. App. 3d 787, 354 N.E.2d 553 (1976). In *Rosales*, the plaintiff brought a common law action against his employer, alleging that injuries he received while operating a punch press owned by the employer were proximately caused by the

employer's modification of the press. The employer moved to dismiss, arguing that the action was barred by section 5(a) of the Workers' Compensation Act. The trial court granted the motion, and the plaintiff appealed. *Rosales*, 41 Ill. App. 3d at 787-88. The plaintiff asserted that the trial court erred in dismissing the action because he sued his employer as the "quasi manufacturer" of the press, not in its capacity as his employer. The *Rosales* court rejected the argument, holding that an employer's act of supplying tools to its employee is a natural incident of the employer-employee relationship and that an employer's modification of a press intended for use by its employees does not impose upon the employer the dual capacity of a quasi manufacturer. *Rosales*, 41 Ill. App. 3d at 787-89. The court reasoned that, "under the dual capacity doctrine, the second capacity must be one that creates legal obligations on the part of the employer to the public in general and not just to its employees." *Rosales*, 41 Ill. App. 3d at 790.

In *Ocasek v. Krass*, 153 Ill. App. 3d 215, 505 N.E.2d 1285 (1987), the court analyzed the holding in *Rosales*. The court held that the dual capacity doctrine is not applicable simply because the employer's additional capacity creates obligations to the general public if those obligations are not unrelated to the obligations flowing from its role as an employer. The *Ocasek* court noted that the majority of jurisdictions hold that an employer that is also the manufacturer of a product that is used by its employees cannot be held liable to its own employees on a theory of product liability. *Ocasek*, 153 Ill. App. 3d at 218-19.

█ In this case, the plaintiff has not alleged facts necessary to avail himself of the dual capacity doctrine. See *Sims v. Teepak, Inc.*, 143 Ill. App. 3d 865, 870, 493 N.E.2d 721 (1986) (complaint must allege the existence of a second capacity under which the employer's status as an employer is coincidental). The mere fact that Callen modified, changed or altered the press that injured the plaintiff did not impose upon it a second legal *persona* independent from and unrelated to its status as the plaintiff's employer. Nor has the plaintiff alleged facts to support the conclusion that, by modifying, changing or altering the press, Callen incurred obligations unrelated to those flowing from its status as an employer. As was the case in *Rosales*, Callen's modification of the press that injured the plaintiff did not impose upon it the dual capacity of a "quasi manufacturer." Rather, Callen's act of modifying, changing or altering the press was incident to its business of manufacturing machinery parts and was undertaken in its capacity as the plaintiff's employer.

Based upon the foregoing analysis, we find that the plaintiff's negligence claim against Callen is barred by section 5(a) of the Work-

ers' Compensation Act and, as a consequence, affirm the judgment of the circuit court.

Affirmed.

SOUTH, P.J., and HALL, J., concur.