**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200163-U

Order filed March 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| DAVID SAMPSON, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-20-0163 |
| | ) | Circuit No. 19-L-237 |
| PRAIRIE FARMS DAIRY, INC., d/b/a | ) | |
| PRAIRIE FARMS DAIRY d/b/a | ) | |
| PRAIRIE FARMS, | ) | The Honorable |
| | ) | Michael D. Risinger, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices O'Brien and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  In an appeal in a negligence case, the appellate court found that the plaintiff's lawsuit was barred by the exclusive remedy provisions of the Workers' Compensation Act.  The appellate court, therefore, affirmed the trial court's judgment, which granted the defendant's motion to dismiss the plaintiff's negligence complaint.

¶ 2     Plaintiff, David Sampson, brought a negligence action against defendant, Prairie Farms Dairy, Inc., for physical injuries he sustained while working for defendant.  Defendant filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code)

(735 ILCS 5/2-619 (West 2018)), alleging that plaintiff's lawsuit was barred by the exclusive remedy provisions of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/5(a), 11 (West 2018)). After a hearing, the trial court granted defendant's motion to dismiss. Plaintiff appeals. We affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff was employed by defendant as a maintenance technician at defendant's facility in Peoria, Illinois. On May 17, 2018, plaintiff was performing maintenance work on one of the machines at the facility when he injured his arm and hand, which resulted in the amputation of his right fifth finger. At the time of the injury, plaintiff was working on the machine while it was still running. Later that same month, plaintiff filed an application for adjustment of claim/application for benefits (application) with the Illinois Workers' Compensation Commission (IWCC) related to the injuries he had sustained as a result of his work accident.

¶ 5        In October 2019, while plaintiff's claim before the IWCC was still pending and had not yet been tried, plaintiff filed the instant two-count negligence action against defendant in the trial court for the same injury he had sustained during the May 2018 work accident. In the complaint, plaintiff alleged, among other things, that: (1) he was employed by defendant as a maintenance technician; (2) he was injured on May 17, 2018, while he was performing maintenance work for defendant on a machine at the Peoria facility; (3) he had been trained and instructed to perform that particular maintenance work on the machine in question while the machine was running; and (4) his injury was the result of certain negligent acts or omissions of defendant.

¶ 6        Defendant filed a section 2-619 motion to dismiss the complaint, alleging that plaintiff's negligence suit was barred by the exclusive remedy provisions of the Act. Defendant attached to the motion a copy of the application that plaintiff had filed with the IWCC.

2

¶ 7    Plaintiff filed a motion to strike defendant's motion to dismiss and requested sanctions against defendant. In the motion, plaintiff alleged that defendant should be judicially estopped from asserting in the trial court proceeding that plaintiff's injury had arisen out of and in the course of plaintiff's employment (as necessary for the exclusive remedy provisions to apply) because defendant had taken the opposite position in the IWCC proceeding and had benefitted therefrom by not paying any workers' compensation benefits to plaintiff. Plaintiff attached to the motion two letters he had received from defendant during the pendency of the IWCC claim, a response that defendant had filed in the IWCC proceeding to plaintiff's petition for immediate hearing, and certain other documents. In the letters that defendant had sent to plaintiff, defendant stated that it was denying that plaintiff's claim was a compensable workers' compensation claim because at the time of his injury, plaintiff was acting in violation of established safety rules and was doing so for no legitimate business interest of defendant. Defendant stated further in the letter that plaintiff had been specifically instructed not to work on the machines at the facility while the machines were running and commented that plaintiff's actions took him beyond the course and scope of his employment. In the response defendant had filed in the IWCC proceeding, defendant had checked a box indicating that it was claiming that the alleged accident did not arise out of and in the course of plaintiff's employment with defendant.

¶ 8    Defendant filed a reply and opposed the motion to strike and the request for sanctions. In the reply, defendant pointed out that plaintiff had not yet set the IWCC claim for trial, although plaintiff had been given ample opportunity to do so. Defendant asserted that plaintiff was seeking to have the trial court determine whether plaintiff's injury was compensable under the Act, a matter that was solely within the IWCC's jurisdiction to determine. Defendant again

3

requested that the trial court dismiss plaintiff's negligence complaint and also requested certain other relief.

¶ 9     In March 2020, the trial court held a hearing on defendant's section 2-619 motion to dismiss. After listening to the arguments of the attorneys, the trial court ruled in defendant's favor. In so doing, the trial court commented that the present case involved a "garden variety" workers' compensation injury. The trial court found, therefore, that plaintiff's negligence action was barred by the exclusive remedy provisions of the Act and granted defendant's motion to dismiss plaintiff's negligence complaint on that basis. Plaintiff appealed.

¶ 10                                      II. ANALYSIS

¶ 11     On appeal, plaintiff argues that the trial court erred in granting defendant's section 2-619 motion to dismiss plaintiff's negligence complaint. Plaintiff asserts that defendant's motion to dismiss should not have been granted because: (1) plaintiff's negligence action fell within the exceptions to the exclusive remedy provisions that apply to injuries that did not arise out of and in the course of a worker's employment; and (2) defendant was judicially estopped from taking a position to the contrary in the trial court proceeding since defendant had taken the position in the IWCC proceeding that plaintiff's injury had not arisen out of and in the course of his employment with defendant and had benefitted therefrom by not paying any workers' compensation benefits to plaintiff. For those reasons, plaintiff asks that we reverse the trial court's judgment and, presumably, that we remand this case for further proceedings.

¶ 12     Defendant argues that the trial court's ruling was proper and should be upheld. Defendant asserts that the exclusive remedy provisions barred plaintiff's negligence action because: (1) plaintiff did not plead any of the exceptions to the exclusive remedy provisions in his negligence complaint, which it was plaintiff's burden to allege and prove; (2) plaintiff's

4

IWCC application and his negligence complaint sought compensation for the same accident, which is precisely the scenario that is prohibited by the exclusive remedy provisions; (3) none of the exceptions to the exclusive remedy provisions apply in this case since plaintiff has alleged in his negligence complaint that his injury was the result of an accident that arose out of and in the course of his employment and since the injury in this case is the type that categorically fits within the scope of the Act; and (4) judicial estoppel does not apply here since plaintiff did not plead judicial estoppel and since defendant did not take conflicting positions in the IWCC and trial court proceedings. More specifically as to that last point, defendant asserts that it took the position in both proceedings that the IWCC had jurisdiction over plaintiff's claim but that the claim was not compensable under the Act and the case law interpretations of the Act because plaintiff's injury resulted from actions that plaintiff took that were in violation of an established safety rule and were for no legitimate business purpose of defendant. For all of the reasons stated, defendant asks that we affirm the trial court's judgment.

¶ 13        Section 2-619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2018); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter*, 207 Ill. 2d at 367; *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2018). Under subsection (a)(9), the

subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2018). An "affirmative matter" is something in the nature of a defense which negates the cause of action completely. *Van Meter*, 207 Ill. 2d at 367. In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* at 367-68. On appeal, a dismissal pursuant to section 2-619 is reviewed *de novo. Id.* at 368. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43.

¶ 14        The Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2018)) establishes a system for paying compensation to workers who are accidently injured or killed in the course of their employment. 820 ILCS 305/2, 5(a) (West 2018). The Act is designed to provide fair compensation in a prompt manner and to spread the cost of work-related injuries among industry as a whole. See *Sharp v. Gallagher*, 95 Ill. 2d 322, 326 (1983); *Townsend v. Fassbinder*, 372 Ill. App. 3d 890, 898 (2007). Under the Act, liability is automatically placed upon the employer, without a determination of fault, and the traditional common law defenses available to the employer, such as contributory negligence and assumption of risk, are abrogated. *Sharp*, 95 Ill. 2d at 326. In return for the imposition of no-fault liability upon the employer, common law actions against the employer are prohibited. *Id.*; *Fitzgerald v. Pratt*, 223 Ill. App. 3d 785, 787 (1992). The compensation provided by the Act is the exclusive remedy for any injury to which the Act applies. 820 ILCS 305/5(a), 11 (West 2018); *Sharp*, 95 Ill. 2d at 326-27; *Folta v. Ferro Engineering*, 2015 IL 118070, ¶ 14.

¶ 15 Although the Act generally provides the exclusive means by which an employee can recover against his or her employer for a work-related injury, there are four exceptions to that general rule. See *Folta*, 2015 IL 118070, ¶ 14. An employee can escape the exclusive remedy provisions of the Act if he or she alleges and proves that the injury: (1) was not accidental; (2) did not arise from his or her employment; (3) was not sustained during the course of employment; or (4) was not compensable under the Act. *Id.* The second and third exceptions are at issue in the present case. The determination of whether those exceptions apply is generally a question of fact to be resolved by the IWCC. See *Bolingbrook Police Department v. Illinois Workers' Compensation Comm'n*, 2015 IL App (3d) 130869WC, ¶ 38 (recognizing that the determination of whether an injury arose out of and in the course of the worker's employment is generally a question of fact for the IWCC to decide).

¶ 16 In addition to workers' compensation, we must also be mindful in resolving this appeal of the legal principles that apply to the doctrine of judicial estoppel—the primary basis upon which plaintiff asserts that defendant's motion to dismiss in this case should have been denied. Judicial estoppel is an equitable doctrine that may be applied by the trial court in its discretion. *Seymour v. Collins*, 2015 IL 118432, ¶ 36. The doctrine of judicial estoppel prohibits a party who has taken a particular position in one legal proceeding from taking a contrary position in a subsequent legal proceeding. *People v. Caballero*, 206 Ill. 2d 65, 80 (2002). The doctrine's purpose is to protect the integrity of the judicial process by preventing parties from deliberately changing positions based upon their needs at the moment. See *Seymour*, 2015 IL 118432, ¶ 36. The doctrine is intended to address the situation where a party is playing "fast and loose" with the court. See *People v. Runge*, 234 Ill. 2d 68, 133 (2009).

¶ 17        When resolving a question of judicial estoppel, the trial court should take a two-step process. *Seymour*, 2015 IL 118432, ¶ 47. First, the trial court should determine whether all of the elements necessary for judicial estoppel to apply are present. *Id.* There are five elements that are generally required: the party to be estopped must have: (1) taken two positions; (2) that are factually inconsistent; (3) in separate judicial or quasi-judicial administrative proceedings; (4) intending for the trier of fact to accept the truth of the facts alleged; and (5) have succeeded in the first proceeding and received some benefit therefrom. *Id.* Second, if all of the elements are satisfied, the trial court should exercise its discretion and determine whether to apply judicial estoppel. *Id.* In performing the second step, the trial court may consider multiple factors, such as the impact of the party's actions in the first proceeding and whether the party had taken inconsistent positions with an intent to deceive or mislead or merely due to inadvertence or mistake. *Id.*

¶ 18        In the present case, after having considered the record before us, the legal principles set forth above, and the case law on this issue, we find that plaintiff's negligence action was barred by the exclusive remedy provisions of the Act. See 820 ILCS 305/5(a), 11 (West 2018); *Sharp*, 95 Ill. 2d at 326-27; *Fitzgerald*, 223 Ill. App. 3d at 787; *Folta*, 2015 IL 118070, ¶ 14. Although plaintiff claims that judicial estoppel should be applied here to prevent defendant from asserting the exclusive remedy provisions, plaintiff did not plead judicial estoppel in his negligence complaint and did not at any time seek leave to amend his complaint to add allegations relating to judicial estoppel. In addition, and contrary to plaintiff's main assertion on appeal, judicial estoppel cannot be applied in this case because two of the elements necessary for judicial estoppel to apply have not been satisfied. See *Seymour*, 2015 IL 118432, ¶ 47.

¶ 19    While judicial estoppel requires that the party to be estopped take conflicting positions, the record before us in this appeal shows that defendant has taken the same position in both the trial court and IWCC proceedings. Indeed, defendant has maintained in both proceedings that the IWCC has jurisdiction over plaintiff's injury claim and that, based upon the Act and case law interpretations of the Act, plaintiff cannot receive workers' compensation for his injury because plaintiff was acting in violation of an established safety rule when the injury occurred and was doing so for no legitimate business interest of defendant (see, *e.g.*, *Saunders v. Industrial Comm'n*, 189 Ill. 2d 623, 631-32 (2000) (denying recovery under the Act in a workers' compensation proceeding where the employee was injured while hitching a ride to the office on a forklift to retrieve his lunch in direct violation of the employer's established safety rules and for no legitimate business purpose of his employer)). Whether that rule (the *Saunders* rule) will be applied to plaintiff's injury is ultimately a question of fact for the IWCC to determine. See *Bolingbrook Police Department*, 2015 IL App (3d) 130869WC, ¶ 38 (recognizing that the determination of whether an injury arose out of and in the course of the worker's employment is generally a question of fact for the IWCC to decide). Contrary to plaintiff's implied assertion, we do not believe that the case law in this area should be read as allowing an employee to file a civil action in the trial court in situations where the employer has opposed the payment of workers' compensation benefits in the IWCC proceeding because the employer believes that the *Saunders* rule applies or in situations where the IWCC denies the payment of benefits based upon the application of the *Saunders* rule. Interpreting the case law in such a manner would allow employees to circumvent the application of the exclusive remedy provisions.

¶ 20    In addition to the lack of conflicting positions by defendant, judicial estoppel also cannot be applied in this case because defendant has not yet succeeded on, and received a benefit from,

the position it has taken before the IWCC. See *Seymour*, 2015 IL 118432, ¶ 47. To the contrary, as plaintiff readily admits, the injury claim has not yet proceeded to a trial before the IWCC. Thus, it remains to be determined whether defendant will succeed on, and receive a benefit from, its position in the IWCC proceeding.

¶ 21     In sum, plaintiff alleged in this case what the trial court correctly characterized as a "garden variety" workers' compensation injury—that he was an employee of defendant and that he had been accidentally (through negligence) injured at work while performing his job duties in the manner that he had been trained and instructed. Absent an exception, such an injury falls within the exclusive coverage of the Act, and plaintiff's sole remedy is to pursue workers' compensation benefits in a claim before the IWCC. See 820 ILCS 305/5(a), 11 (West 2018); *Sharp*, 95 Ill. 2d at 326-27; *Folta*, 2015 IL 118070, ¶ 14. Plaintiff did not allege in his negligence complaint in the trial court proceeding that any of the exceptions to the exclusive remedy provisions applied or any facts that would support the application of an exception and did not at any time seek leave to amend his complaint. Instead, plaintiff contended in his motion to strike—and in this appeal—that judicial estoppel should be applied to prevent defendant from asserting the exclusive remedy provisions. We have rejected that contention. Accordingly, we find that plaintiff's negligence action is barred by the exclusive remedy provisions of the Act (see 820 ILCS 305/5(a), 11 (West 2018); *Sharp*, 95 Ill. 2d at 326-27; *Fitzgerald*, 223 Ill. App. 3d at 787; *Folta*, 2015 IL 118070, ¶ 14) and that the trial court properly granted defendant's section 2-619 motion to dismiss plaintiff's negligence complaint on that basis (see 735 ILCS 5/2-619(a)(9) (West 2018); *Van Meter*, 207 Ill. 2d at 367-68).

¶ 22                                 III. CONCLUSION

¶ 23     For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 24    Affirmed.